**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| | | | | | |
|---|---|---|---|---|---|
| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                                                 Case No.:     __17-29514 VFP__

SIMONE JULIEN,                                                    Judge:          __PAPALIA__

             Debtor(s)

## Chapter 13 Plan and Motions

☐ Original            ☒ Modified/Notice Required            Date:     __7/20/18__

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __HR__      Initial Debtor: __SJ__      Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____450_____ per _____MONTH_____ to the Chapter 13 Trustee, starting on _____OCTOBER OF 2017_____ for approximately _____36_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

  ☒    Future earnings

  ☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

  ☒  Sale of real property
  Description: 58 Neptune Avenue, Jersey City, NJ (aka 172 Garfield Ave., Jersey City, NJ).
  Proposed date for completion: _____12/31/18 ***_____

  ☐  Refinance of real property:
  Description:
  Proposed date for completion: _____

  ☐  Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☒ Other information that may be important relating to the payment and length of plan:

   *** Trustee is not to pay Midfirst Bank's pre-petition arrrearage claim pending sale of real property. Arrearage to be addressed through real estate sale.

**Part 2:    Adequate Protection ☒ NONE**

     a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

     b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 3,500 (Orig. Fee) |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:    Secured Claims**

    **a. Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

    The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

    **c. Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

i. Nissan Motor Credit Corp., continued payments, regarding automobile loan pertaining to a 2015 Nissan Altima, no arrears.  Continued payments by the Debtor, directly to Nissan Motor, no arrears.

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE |||
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than ____100____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b.  **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Counsel Fees & Supp. Counsel Fees (Paid before other Claims)
3) Secured Claims and then Priority Claims (if applicable)
4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:  Modification  ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____OCTOBER 10, 2017_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To extend the time to sell real property. | The plan extends the time to sell real property until December 31, 2018.  No other changes to the plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:  Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: __JULY 20, 2018_____    /S/ HERBERT B. RAYMOND, ESQ.___
                                                             Attorney for the Debtor

Date: __JULY 20, 2018_____    /S/ SIMONE JULIEN_____
                                                             Debtor

Date: _____    _____
                                                             Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: JULY 20, 2018                                       /S/ HERBER B. RAYMOND, ESQ.
                                                          Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: JULY 20, 2018                                        /S/ SIMONE JULIEN
                                                           Debtor

Date: _____                               _____
                                                           Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 17-29514-VFP
Simone Julien                                                             Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 2              Date Rcvd: Jul 23, 2018
                              Form ID: pdf901          Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 25, 2018.
```
db         +Simone Julien,    P0 Box 8211,    Jersey City, NJ 07308-8211
cr         +Nissan Motor Acceptance Corporation,    PO Box 660366,    Dallas, TX 75266-0366
517087372  +KML Law Group,    701 Market Street,    Suite 5000,    Philadelphia, PA 19106-1541
517087373  +KML Law Group Inc.,    216 Hadden Avenue,    Suite 406,    Westmont, NJ 08108-2812
517087374  +KML Law Group PC LLP,    216 Hadden Avenue,    Suite 406,    Westmont, NJ 08108-2812
517196991  +MidFirst Bank,    999 NorthWest Grand Boulevard,    Oklahoma City, OK 73118-6051
517087377  +Midfirst Bank,    Attn: Zucker, Goldberg & Ackerman,    200 Sheffield Street - Suite 301,
             PO Box 1024,    Mountainside, NJ 07092-0024
517087379  +Midfirst Bank,    3232 West Reno,    Oklahoma City, OK 73107-6130
517087376  +Midfirst Bank,    999 North West Grand Blvd.,    Oklahoma City, OK 73118-6051
517087375  +Midfirst Bank,    PO Box 268950,    Oklahoma City, OK 73126-8950
517087381   Midland Mortgage,    PO Box 268888,    Oklahoma City, OK 73126-8888
517087383   Midland Mortgage,    PO Box 26648,    Oklahoma City, OK 73126-0648
517087384  +Midland Mortgage,    PO Box 18187,    Oklahoma City, OK 73154-0187
517087389  ++NISSAN MOTOR ACCEPTANCE CORPORATION,    LOSS RECOVERY,    PO BOX 660366,    DALLAS TX 75266-0366
             (address filed with court: Nissan Motors,    Attn: Bankruptcy,    P0 Box 371491,
             Pittsburg, PA 75266)
517107619   Nissan,    POB 660366,    Dallas, TX  75266-0366
517087388  +Nissan Motor Acceptance Corporation,    PO Box 660360,    Dallas, TX 75266-0360
517087390   Nissan Motors,    18501 South Figueroa Street,    Gardena, CA 90248
517087391  +Simone A Julien,    For Notice Only,    19 Freedom Place,    Jersey City, NJ 07305-4101
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: usanj.njbankr@usdoj.gov Jul 24 2018 00:10:56     U.S. Attorney,    970 Broad St.,
              Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jul 24 2018 00:10:53     United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
              Newark, NJ 07102-5235
517318639   +E-mail/Text: bncmail@w-legal.com Jul 24 2018 00:11:05     CAREPOINT HEALTH - PHYSICAN CHMG,
              C/O Weinstein & Riley P.S.,    2001 Western Ave Ste. 400,    Seattle, WA 98121-3132
517318649   +E-mail/Text: bncmail@w-legal.com Jul 24 2018 00:11:05     CAREPOINT HEALTH - PHYSICAN GSHA,
              C/O Weinstein & Riley P.S.,    2001 Western Ave Ste. 400,    Seattle, WA 98121-3132
                                                                                             TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517087380*  +Midfirst Bank,    999 North West Grand Blvd.,    Oklahoma City, OK 73118-6051
517087378*  +Midfirst Bank,    PO Box 268950,    Oklahoma City, OK 73126-8950
517087382*   Midland Mortgage,    PO Box 268888,    Oklahoma City, OK 73126-8888
517087385*   Midland Mortgage,    PO Box 268888,    Oklahoma City, OK 73126-8888
517087386*   Midland Mortgage,    PO Box 268888,    Oklahoma City, OK 73126-8888
517087387*  +Midland Mortgage,    PO Box 18187,    Oklahoma City, OK 73154-0187
                                                                                    TOTALS: 0, * 6, ## 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 25, 2018                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 20, 2018 at the address(es) listed below:
              Denise E. Carlon   on behalf of Creditor   MIDFIRST BANK dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com

```
District/off: 0312-2          User: admin              Page 2 of 2                  Date Rcvd: Jul 23, 2018
                              Form ID: pdf901          Total Noticed: 22
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          Herbert B. Raymond    on behalf of Debtor Simone  Julien bankruptcy123@comcast.net,
           jeff.raymond@comcast.net;raymondmail@comcast.net;carol-raymond@comcast.net;bankruptcyattorneys@comcast.net;herbertraymond@gmail.com;carbonell_c@hotmail.com;kdelyon.raymond@gmail.com
          John R. Morton, Jr.    on behalf of Creditor   Nissan Motor Acceptance Corporation
           ecfmail@mortoncraig.com,  mortoncraigecf@gmail.com
          Marie-Ann Greenberg    magecf@magtrustee.com
          Rebecca Ann Solarz    on behalf of Creditor   MIDFIRST BANK rsolarz@kmllawgroup.com
          Rebecca Ann Solarz    on behalf of Creditor   MidFirst Bank rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov

                                                                           TOTAL: 7